## PLANO MANUFACTURING CO. *vs.* WILLIAM ROOT.

Opinion filed March 15th, 1893.

**Breach of Warranty—Burden of Proof.**

> Written contract construed, and *held*, to constitute an agreement for sale and purchase of property, the title to pass on delivery and acceptance thereof. After such delivery and acceptance the purchaser cannot claim, in an action for the purchase price, that the burden is on the vendor to show that the property was as warranted. The warranty is collateral, and the purchaser must affirmatively show a breach thereof, and full performance of all conditions precedent of the warranty, to entitle him to rescind and defeat the action.

**Declarations of Agent—Incompetent Proof of Agency.**

> The fact of agency and the extent of an agent's power cannot be proved by the agent's declarations.

**Authority in Writing—Excludes Parol Proof.**

> The scope of an agent's authority cannot be established by parol when the employment of the agent defining his power is in writing.

**Prior Negotiations Inadmissable.**

> The rule excluding all prior and contemporaneous negotiations when a contract is reduced to writing *held* applicable to the facts of this case.

Appeal from District Court, Richland County; *Lauder*, J.

Action by the Plano Manufacturing Company against William Root. Plaintiff had judgment, by direction of the court, and defendant appeals.

Affirmed.

*McCumber & Bogart*, for appellant.

Plaintiff sued upon a written contract. By the terms of its warranty it was incumbent upon the plaintiff to furnish the defendant a machine that was well made, of good material and with proper care and management, capable of doing as good work as any other machine on the market.

The basis of plaintiff's action being upon a contract, it was necessary for it to show that it had complied with the terms of the contract, and this before it could put the defendant on his defense. When plaintiff closed its case it had not shown compliance with its contract; therefore defendant's motion for a directed

verdict, should have been allowed. *J. I. Case Threshing Machine Co.* v. *Smith*, 18 Pac. 641; *Fairfield* v. *Madison Mfg. Co.* 38 Wis. 346.

*W. E. Purcell* and *L. B. Everdell*, for respondent.

This is not an action to enforce an executory contract of sale, nor for damages for breach of such contract but for purchase money on an executed sale. *Fishback* v. *VanDusen*, 22 N. W. Rep. 244; *Warden* v. *Fisher*, 4 N. W. Rep. 470; *Jenkinson* v. *Monroe Bros.*, 44 N. W Rep. 1113; *Smith* v. *Whitfield*, 2 S. W. Rep. 822. Where the authority and power of an agent is in writing, the writing is the best evidence. *Reise* v. *Medlock*, 84 Am. Dec. 611; *Columbia Bridge Co.* v. *Geise*, 38 N. J. L. 39; Meachem on Agency § 103.

CORLISS, J. The action was brought to recover the purchase price of a binder sold by plaintiff to defendant. On the trial a verdict was directed for the plaintiff. Defendant appeals. The order for the binder was in writing. It constituted the contract between the parties. It, in substance, authorizes and requests an agent of the plaintiff's to procure for defendant a harvester and binder, describing it, for which defendant agrees to pay $120 in addition to freight, etc., on delivery of the property. The order then continues as follows: "I understand that the machine referred to is sold, and that I am purchasing the same subject to the following warranty and agreement, and that the agent above named, as well as the person to whom I deliver this instrument, has no authority to add to, abridge, or to change said warranty in any manner. The warranty is as follows, to-wit: The warranty referred to states that the binder is well made of good materials, and with proper care and management is capable of doing as good work as any other machine in the market. Other provisions of the warranty will be referred to later. The execution of this order, and the delivery of the machine thereunder, were admitted.

Plaintiff having rested without proving that the binder was well made of good materials, and was capable of doing as good work as any other machine in the market, defendant moved to dismiss,

on the ground that plaintiff had failed to establish performance of conditions precedent to recovery. We cannot assent to his interpretation of the contract. It was a contract of sale and purchase, with a collateral agreement constituting a warranty. The burden was on defendant to show a breach of the warranty; and even then he could not defeat the action without showing that he had complied with the conditions of the warranty to be performed on his part, and had rescinded the contract, or had sustained damages by reason of such breach of warranty equal to or exceeding plaintiff's claim. The parties intended that the title to the property should pass on delivery. The defendant states in the order signed by himself that he understood that the machine is sold, and that he is purchasing it subject to the following warranties, etc. The defendant did not agree to buy if certain conditions were fulfilled. He agreed to purchase a certain machine, and, when it had been delivered to and accepted by him, he was obliged thereafter to rely upon the warranty as any other purchaser of property. He must perform its conditions. He must either rescind or claim damages for breach. On the trial defendant asked leave to amend his answer by alleging, in substance, that, at the time he executed and delivered this order, one Parsons, general agent of the plaintiff, agreed with defendant that, if the machine did not do good work, defendant need not keep it, and that such agent informed defendant at the same time that defendant would not be bound by the terms of the written order. This request was denied. In this there was no error. Defendant could not vary by parol the terms of the written contract. This talk was contemporaneous with the execution of the writing, and it would violate all rules of evidence to allow defendant to contradict the solemn agreement of the parties in this manner. It was not error to refuse to permit defendant to plead what he would not be suffered to prove. The defendant himself stated on the stand that he could not tell when he had such a conversation with Parsons, whether before or after the execution of the contract, and that he could not say that this alleged talk was after

the signing of the written agreement. Parsons himself was not asked anything about such a conversation. There was therefore not competent evidence of a contract independent of the writing. All prior and contemporaneous negotiations and talks were merged in the written agreement. There was no attempt to prove any subsequent modification of the written instrument, or the making of a new contract after the execution of the original order. Whether, therefore, Parsons was or was not general agent is entirely immaterial. We think, however, the court did not err in excluding the inquiries as to the scope of his powers. It was undisputed that his employment was in writing, and an attempt was made to prove the loss of this writing which defined the extent of Parsons' powers as agent. What authority he possessed could be proved only by the best evidence. Defendant's whole contention that the written contract was modified by an oral agreement with Parsons rests upon the hypothesis that Parsons was general agent. It is apparent from the record that he was not, but, on the contrary, occupied a very subordinate position in the employ of plaintiff. The order contains a statement that plaintiff understands that the agent, Parsons, has no authority to add to, abridge, or change the warranty in any manner. Unless he was a general agent, there could be no pretense that Parsons could alter the conditions of this warranty in the face of this explicit provision. The defendant has made these contentions because it is apparent that he has not complied with a material provision of the written warranty, nor has there been a waiver thereof, and he must therefore suffer defeat if he is forced to stand upon the written instrument. The warranty expressly requires the defendant to give written notice, stating wherein the machine is defective, to the agent from whom it is received, and also to the "Plano Mfg. Co., at Chicago, Ill." Such notice was never given. It was not waived. There was therefore no defense to the action, although there may have been a breach of the warranty. Defendant cannot take advantage of such breach for the purpose of recovering damages, or of rescinding the sale, unless he has

performed the conditions which the warranty imposed upon him. The breach of the warranty, followed by a return of the property, constituted no defense, because the plaintiff warranted the machine on the condition that defendant should give it notice of the breach at its head office, and this condition was not performed by defendant. The contract does not give the defendant the unrestricted right to rescind in case the machine fails to comply with the terms of the warranty. After written notice the company is to have a chance to remedy the defect; and then, if it will not do good work, the defendant has for the first time a right to return the machine. Even then he cannot insist that he should have back his money or his notes, or treat the contract as ended and his liability as extinguished. The company has the option to agree to this, or to furnish a new machine in the place of the defective one. There was no error in excluding the offer to prove by defendant Parson's declarations that he was plaintiff's general agent. It was mere heresay. An agent's powers or the fact of agency cannot be established by the agent's own declarations. Such evidence was not competent to impeach the witness Parsons, because no foundation for impeachment had been laid, and, being defendant's own witness, he could not be impeached by defendant. There was no question of fraud in the case. Fraud was not set up in the answer. No such question was raised upon the trial. It is too late to urge it here for the first time, nor was there any evidence of fraud. The judgment of the District Court is affirmed. All concur.