SAMUEL A. JAMES *vs.* LEWIS BEKKEDAHL.

Opinion filed May 9, 1901.

**Sale—Breach of Warranty—Damages.**

> Defendant purchased ladies' gloves under a special warranty that, if they were not satisfactory or if they ripped, they should be returned to the plaintiff, who would furnish new ones. Five pairs were returned to defendant by customers as not satisfactory, the defendant having sold them to customers under a similar warranty. The defendant sent the five pairs to the plaintiff, who repaired them and sent them back to defendant, and he retained them without objection, and again sold them. The customers returned other gloves to defendant as not satisfactory, but he did not send them back to plaintiff, claiming it would be useless. *Held,* that the defendant could not counterclaim his damages by reason of a breach of the warranty as to gloves not returned by him.

**Conditions Precedent.**

> It is competent for parties to contract what course shall be pursued in case of a breach of a warranty, and when conditions are required to be performed by the buyer, as part of the contract, in case of such breach, the buyer must comply with such conditions before he can claim damages by reason of such breach.

**Evidence Sustains Findings.**

> Men's gloves were sold by sample. Evidence examined, and *held,* that such gloves were the equal of the samples in quality and workmanship.

Appeal from District Court, Traill County; *Pollock, J.*

Action by Samuel A. James, doing business as S. A. James & Co., against Lewis Bekkedahl. Judgment for plaintiff. Defendant appeals.

Affirmed.

*P. G. Swenson,* for appellant, cited *Laybourne* v. *Seymour,* 54 N. W. Rep. 941; *Jones* v. *Strode,* 41 S. W. Rep. 562.

*John Carmody,* for respondent.

Appellant could not retain the gloves and claim damages for breach of contract. The warranty required him to return the gloves that did not give satisfaction. This he did not do. *Plano Mfg. Co.* v. *Root,* 3 N. D. 165, 54 N. W. Rep. 924; *Fahey* v. *Esterly,* 3 N. D. 220, 55 N. W. Rep. 580; *Ducker* v. *Cochrane,* 92 N. C. 597; *Lowe* v. *Ross,* 56 N. W. Rep. 528; *Russell* v. *Murdock,* 44 N. W. Rep. 237; *King* v. *Tousley,* 19 N. W. Rep. 859; *Nichols* v. *Knowles,* 18 N. W. Rep. 413; *Minnesota Thr. Mfg. Co.* v. *Hanson,* 3 N. D. 81, 54 N. W. Rep. 311. The burden of proof was on defendant to show a breach of warranty. *Plano Mfg. Co.* v. *Root,* 3 N. D. 165, 54 N. W. Rep. 924. A finding based upon conflicting evidence will not be disturbed on appeal. *State* v. *McKnight,* 7 N. D. 444, 75 N. W. Rep. 790; *Axiom Mining Co.* v. *White,* 72 N. W. Rep. 462. Defendant by

retaining the gloves and selling them waived his right to complain of the defects. *Morse* v. *Moore,* 22 At. Rep. 362.

MORGAN, J. Plaintiff has sued the defendant to recover a judgment for the value of certain gloves sold to him in July, 1899. The answer admits the sale of the gloves, but alleges as a counterclaim that the ladies' gloves so sold were sold under a special warranty, and that the men's gloves were sold to be as good in quality as samples shown at the time of the sale. The answer further alleges that there was a breach of the express warranty in the sale of the ladies' gloves, as well as a breach of the implied warranty in the sale of the men's gloves, to his damage. Plaintiff denies the allegations of the counterclaim by a reply. Plaintiff recovered a judgment on a trial to the Court, a jury having been waived. From such judgment defendant appeals, demanding a retrial of the entire case.

The facts as to the ladies' gloves are not in dispute, and are as follows: Plaintiff's salesman called upon the defendant at Hilsboro and sold him the ladies' gloves under these conditions or representations: That in case these gloves did not give satisfaction, or if they ripped, they should be returned to the plaitiff, to be replaced by new ones. The gloves were delivered to the defendant, who sold them to his customers under the same warranty or representation under which he purchased. These representations are admitted by the attorneys to constitute a warranty. Five pairs were returned to the defendant by customers as not satisfactory, the defendant forthwith sending them back to the wholesale house with a request to send new pairs "or credit our account." The plaintiff cleaned and repaired these returned gloves and sent them back to the defendant, who sold them to his customers without making any complaint to plaintiff that new pairs were to be returned. Several pairs more were returned by defendant's customers as not satisfactory. These he did not return to the plaitiff, although he gave his customers new ones in place of those returned. He states as his reason for not returning these to the plaitiff that it would have been useless, inasmuch as he had not sent new gloves in place of those that he had previously returned. In not returning them, he did not fulfill the requirements of the contract or warranty under which he purchased. That he should return them when returned to him as not as represented was a mandatory undertaking devolving on him by the terms of sale. He had no option. To bring himself within the terms of sale, he must perform all the conditions required of him. It is not open to question that in most cases of warranty the purchaser may retain the property after discovery of qualities in it constituting a breach of the warranty, and still be permitted to set up a breach of the warranty, but this case does not come within the general rule. Under the facts of this case, we hold that he was under obligations to return these gloves before he can counterclaim for damages by reason of defects in them. To return each pair of gloves when returned to him was a component, unconditional part of the contract,

concerning which the plaintiff had the right to insist on his complying with; and it is clearly apparent that the plaintiff would be placed at a disadvantage by being forced to pay damages by reason of the gloves not being as warranted, rather than supply new ones. He therefore had a right to have the defendant strictly comply with the contract of warranty. It was not incumbent on the defendant, perhaps, that he should have returned the repaired gloves, but he should have returned the ones thereafter returned to him by customers before he can justify his not doing so by the plaintiff's failure to comply with the purchase contract. When he did not return the repaired gloves, nor make any complaint because new gloves had not been sent, the plaintiff had a right to believe that sending the gloves back to him repaired and cleaned was satisfactory to him. Authorities are not wanting to sustain this construction of this contract, but it will be sufficient to cite the language of this court in *Manufacturing Co.* v. *Hanson,* 3 N. D. 81, 54 N. W. 311, viz.: "We regard it as well settled that where an express warranty is upon condition, or when some duty is devolved upon the purhcaser by the terms of the warranty, such condition must be fulfilled or such duty performed before advantage can be taken of any breach of such warranty." See, also, cases cited in that opinion; *Parks* v. *Tool Co.,* 54 N. Y. 586; *Love* v. *Ross* (Iowa) 56 N. W. 528. The trial court allowed the defendant damages on account of the failure of the plaintiff to furnish new gloves in place of the five pairs returned as not satisfactory.

The men's gloves were sold and bought on inspection of samples, and the gloves to be received under the sale were thereby warranted to be equal in quality to the samples. § 3973, Rev. Codes. They were discovered not to be equal to the samples soon after their receipt, but no notice given or complaint made to the plaintiff of that fact, nor did he know that defects were claimed until suit was brought. Upon this question of the quality of the samples we are convinced, from a consideration of all the evidence, that the gloves sold by sample have not been shown by the defendant to have been inferior to the samples exhibited. Three of the defendant's witnesses examined the samples from which these gloves were sold, and also examined the gloves that were sent the defendant, and they each testify that the gloves sent were of like quality with the samples. Their examination of the samples and of the gloves sent was close and careful,—much more so than the examination given by the defendant to the samples. The defendant's testimony is not in the least corroborated as to the quality of the gloves or samples. He kept them until this suit was commenced, without complaint, after he knew they were not equal in quality to the samples, as he claims. This seems quite convincing that they were equal to the samples in quality and workmanship. He also claims that some of the gloves were not of the sizes ordered. If true, this entitled him to no damages, as none were attempted to be proven as to this claimed

defect. He simply says that these were not worth as much as the sizes ordered. We conclude that the trial court did not commit any error on the trial of the case. Affirmed. All concur.