GOULD BALANCE VALVE COMPANY, Consisting of M. H. Meigs, J. A. Gunn, S. B. Bowers, J. B. Burton, and L. C. Deets, Copartners, v. J. H. HEROLD.

(144 N. W. 74.)

**Warranty — conditions — breach of warranty — defendant must give notice — warranty in effect after settlement.**

1. Defendant purchased a valve, to attach to his engine, from the plaintiffs. The contract made by him provided that settlement by note or cash should be made on delivery. This was followed by the provision that the valve was sold subject to the warranty following, which should be in effect only after the above conditions were complied with. Then followed the warranty; then a requirement that if it did not perform in accordance with the warranty, written notice should be given plaintiffs, stating wherein it failed, and that the defendant should give complete information by answering all questions asked, and other conditions to be complied with by defendant, unnecessary here to note. *Held* that the taking effect of the warranty contained in the contract was conditioned upon settlement being made by cash or note. *Held*, further, that such settlement having been made, such warranty went into effect. *Held*, further, that before defendant could take any advantage of a breach of the warranty, he was required to give the notice and complete information by substantially answering pertinent questions asked.

**Warranty — use of machinery — notice — questions — substantially answered —proof of compliance.**

2. Defendant used the valve two days, and found that it did not fulfil the warranty. He then notified the plaintiffs, giving them the particulars wherein it failed. Plaintiffs sent defendant a list of questions to answer, at least some of which related to the manner in which he had installed the valve. Instead of answering the questions in detail, he answered that he had installed it in exact accordance with the directions which came with it. The questions and answer were received in evidence, and, upon an intimation by the court, an offer was made to prove that defendant's reply to the questions answered them substantially. He had lost the directions, but offered to prove that he and his engineer compared the questions with the directions for the installation, and that they referred solely and specifically to the manner of installing the valve. He also offered to prove that the plaintiffs made no effort, after receiving his answer, to remedy the defects. The court, on objection, excluded evidence on these subjects, evidently on the theory that the questions had not been an-

Note. — For authorities on the question of waiver of stipulated notice of failure of machine to work properly, see note in 1 L.R.A.(N.S.) 142.

swered. *Held* that defendant was only required to substantially answer appropriate questions submitted, and that in view of the state of the record when this offer was made defendant should have been permitted to attempt to show that the questions were substantially answered.

Opinion filed October 16, 1913. Rehearing denied November 21, 1913.

Appeal from a judgment and order of the District Court for Cass County, *Pollock,* J.

Reversed.

*Barnett & Richardson* and *Pollock & Pollock,* for appellant.

The defendant substantially answered all pertinent questions submitted by plaintiff under the contract, and a settlement having been made, the warranty became effective and in force. Substantial compliance with the terms of the contract was all that was required of defendant. Sandwich Mfg. Co. v. Trindle, 71 Iowa, 600, 33 N. W. 79, 30 Am. & Eng. Enc. Law, 206.

Notice of defects in machinery purchased with warranty need not be given in some specific, prescribed way, when all has been done by the person entitled to such notice that could have been done had the notice been given in strict compliance with the requirement. Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; J. I. Case Threshing Mach. Co. v. Balke, 15 N. D. 206, 107 N. W. 57.

Where no injury resulted from the manner in which the notice was given, there is no ground for the claim that the contract was not literally complied with, when the results following would have been the same, or when the *object* in giving notice has been *attained.* Badgett v. Frick & Co. 28 S. C. 176, 5 S. E. 355; Aultman & T. Co. v. Frazier, 5 Kan. App. 202, 47 Pac. 156; Peter v. Plano Mfg. Co. 21 S. D. 198, 110 N. W. 783.

The list of questions submitted to defendant to be answered by him, and the answers thereto, have nothing to do with the liability arising under the contract of warranty. A warranty is strictly construed against the party making it. McCormick Harvesting Mach. Co. v. Fields, 90 Minn. 161, 95 N. W. 886.

The contract went into effect at once upon settlement for the value, either by cash or note, and thereafter the warranty became operative. 2 Parsons, Contr. 6th ed. §§ 515, 516.

*W. J. Courtney,* for respondent.

The defendant was required to give complete information, and to answer all questions as provided by the contract. No warranty can arise or exist until the contract and the conditions thereof have been substantially complied with. Minnesota Thresher Mfg. Co. v. Lincoln. 4 N. D. 410, 61 N. W. 145; James v. Bekkedahl, 10 N. D. 120, 86 N. W. 226.

Where an express warranty is upon conditions, the conditions must be fulfilled before advantage can be taken of the warranty. Minnesota Thresher Mfg. Co. v. Hanson, 3 N. D. 81, 54 N. W. 311.

SPALDING, Ch. J. This action was brought in justice court upon a promissory note for $75, executed and delivered by defendant to plaintiffs. The answer admits the giving of the note, but alleges that it was for the purchase price of a valve sold defendant by plaintiffs for use on his farm engine; that there had been a breach of the warranty of such valve, and demands that the note be canceled. There was a reply, to which reference need not be made. Plaintiffs had judgment, and defendant appealed to the district court therefrom. In the latter court a trial was had, and after the submission of the evidence of both parties plaintiffs moved for a directed verdict. This motion was granted, and from the judgment entered thereon, and from an order denying a new trial, an appeal has been taken to this court.

Plaintiffs' place of business is in Iowa. Defendant resides in Cass county, North Dakota. The sale of the valve was consummated by means of a written order from defendant and the acceptance thereof by the plaintiffs. Such order directs the shipment immediately of one Gould Balance Slide valve for a certain described engine, "for which I authorize you to send settlement to be completed on arrival at destination as follows: Note for $75, due October 1, 1909, with interest at 8 per cent per annum from September 1, 1909; in case I desire to pay cash either on delivery or before September 1, 1909, 10 per cent discount will be allowed." The order then contains the following provisions: "Sold subject to the following warranty, which is in effect only after above conditions are complied with; the Gould balance valve is warranted to be made with good material, durable, with good care, and when properly seated and fitted in an engine, to develop from 18

26 N. D.—19.

to 30 per cent additional power. If, after a test of ten days, it shall be found defective, or proven not capable of complying with the above warranty, written notice shall at once be given to the Gould Balance Valve Company, Kellogg, Iowa, stating wherein it fails, giving complete information by answering all questions asked, and permitting the manufacturer to replace the valve or furnish written or personal assistance, the purchaser rendering the usual and necessary help; when (if) it cannot be made to comply with the above warranty, the valve, together with the affected contact parts, shall be returned to the factory at the manufacturers' expense, and another valve and parts substituted that shall fill the warranty, or the money or note refunded and no further claim made on the company. Failure to give above notice within the required time shall be conclusive evidence of fulfilment of above warranty. We further agree to replace, free of charge at the factory, all worn or defective parts of the Gould Balance valve for a term of five years from the date of sale."

August 31, 1909, defendant wrote plaintiffs that the valve did not fill the warranty, by reason of its taking more water and steaming harder, and not developing as much power as did the engine with the old valve on it, and that he had tried the valve two days and by reason of its failure to work had been compelled to remove it. In reply to this letter, plaintiffs sent defendant some questions for answer. Instead of answering these questions in detail, he wrote across the top of the blank containing them that he had put the valve on exactly according to the directions given with it. At the time these questions were received the valve was not in use. Plaintiffs made no response to this report, and, as far as appears by the record, made no attempt to correct the working of the valve. The original directions for applying or installing it were not produced at the trial, the appellant testifying that he had lost them. Appellant offered to prove that he, with his engineer, examined the questions asked in connection with the original directions for the installation of the valve, and that the questions referred solely and specifically to whether or not the original directions for the installation of the valve had been followed, and that he made the notation above recited upon the blank as a full and complete answer to the questions asked, and that thereafter plaintiffs made no offer to send any new valve or any person to fix the valve, and offered no di-

rections further than the original printed directions for the installation, and that in November thereafter he returned such valve with the affected contact parts to the plaintiffs; and that they received them and retained them in their possession, and that there had been no further dealings of any kind between them. Objection was made to this offer on the ground that it called for conclusions of the witness, was incompetent, irrelevant, and immaterial, the written directions for the installation of the valve not being before the court, and for the reason that until all questions were answered as required by the contract of warranty there was no duty or obligation resting upon the plaintiffs to send a man or make any offer to repair the same, or to correct the same, until defendant had complied with the terms of the warranty. This objection was sustained. No further evidence was offered and a motion for a directed verdict was granted upon the ground that the defendant had failed to prove any defense, having failed to comply with the terms of the warranty.

Appellant predicates error in the order directing the verdict upon two grounds, one of which was that under the provisions of the contract liability upon the warranty on the part of the plaintiffs was not predicated upon the answering or failure to answer the questions submitted. In this appellant is mistaken, notwithstanding the fact that such warranty should be construed most strictly against the party making it. The body of the contract first describes the valve, and the engine to which it is to be applied, and the manner in which settlement is to be made. It then provides that the valve is sold subject to the warranty following, but that such warranty shall not take effect unless the precedent conditions are complied with. The precedent conditions are the settlement referred to by means of a note or cash. Thus far we have the contract providing that there is to be a warranty if the valve is taken and settled for either in cash or by note. Now what follows? First, the body of the warranty, that is, its terms; second, how the plaintiff shall be notified if the purchaser claims the warranty is broken, and the information required in such preliminary notice; that is to say, he is to notify the plaintiff wherein the valve fails to comply with the warranty. The punctuation of the contract is somewhat inartistic and crude, but, notwithstanding this, it appears clear to us that the subsequent provisions of the warranty require of the defendant

that after having given such notice he shall give complete information by answering all questions asked, and shall permit the manufacturer to replace the valve or to furnish written or personal assistance to the purchaser in remedying the difficulty, and that if, by means or employment of any or all of such methods as the manufacturer elects to adopt, the valve cannot be made to comply with the warranty, it, with the affected contact parts, shall be returned to the factory, when the money or note, as the case may be, shall be refunded, and that no further claim shall be made on the manufacturer.

It is clear that the warranty became effective when defendant settled by note for the valve. There then existed a warranty of the valve, but before defendant could make the warranty available the contract required him to do certain things. All that we need here consider are that he must, first, notify the manufacturer that the valve did not work, and, second, give complete information by answering all questions asked. These requirements are conditions precedent to his right to enforce any liability of the plaintiffs under the warranty. It is well settled in this state that where a warranty contains conditions concurrent or precedent, making it necessary for the purchaser to do some preliminary act before he can avail himself of the warranty, such acts must be done. Courts do not make contracts for parties. The parties make their own contract, and it is perfectly competent for them to make a contract of the character of the one here in question; and, having entered into such a contract, it was incumbent upon appellant to comply with the conditions precedent. It has been repeatedly so held by this court. J. I. Case Threshing Mach. Co. v. Vennum, 4 Dak. 92, 23 N. W. 563; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; James v. Bekkedahl, 10 N. D. 120, 86 N. W. 226; Minnesota Thresher Mfg. Co. v. Hanson, 3 N. D. 81, 83, 54 N. W. 311; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

The second and remaining question presented is whether the court, in view of the state of the record at the time the offer of proof was made by defendant, should have permitted him to attempt to show that the single answer, that he had installed the valve exactly in accordance with directions, was a substantial answer to all the questions submitted by plaintiff. Substantial answers were all that was requisite, and such

only when the questions were material and framed to elicit answers tending to give plaintiffs information necessary to guide their future action. While it must be confessed that the offer was of such a nature as to render it not altogether certain what the duty of the court was in the premises, yet we are disposed to think, in view of the circumstances, that it was error not to permit the plaintiff to make an attempt to show that the questions were substantially answered. It is clear that a considerable portion of the questions only related to the manner of installing the valve. The record shows that it had been in use only two days when, by reason of its failure to work properly, it was removed by defendant and his old valve reinstalled. The good faith of the defendant in his attempt to answer the questions is not impugned, and there was no delay in his making the attempt. If the valve was installed in accordance with the directions, the court cannot assume that in two days' use it had become so disarranged by wear as to justify the court in saying as a matter of law that the questions were not answered. Until the directions for installing the valve were produced or proven, it was rather a question to be determined by evidence, which might have been produced, whether the questions were answered or not, and whether the conditions were such that the answers were adequate or inadequate. Had the court permitted a further showing on the subject it might have developed that in this respect the contract had not been complied with, but we think at the time the ruling was made the subject had not become solely a question of law, and that therefore the court erred in denying the offer, and directing a verdict, and in denying the motion for a new trial. Defendant's notice to plaintiffs was coupled with a demand for the payment of damages, and plaintiffs did not notify him that the answer was not a compliance with the contract, or that they desired more specific answers. But as neither of these questions has been briefed, they are not before us.

The writer desires to say that he disapproves of the practice which has prevailed in this court from the start, of reversing cases on supposed errors committed by trial courts in refusing offers of proof. It opens the door for great delay and unnecessary expense in the conduct of litigation. He is not of the opinion that attorneys consciously include in their offers things which they do not intend to, or knowingly cannot, prove, but when acting in the best of faith, they naturally include

everything which they think relevant to the issue and expect to be able to prove. If such an offer is taken at its face and denied, and this court holds that the evidence should have been received, the case goes back for a new trial when it is by no means certain that the proof will conform to the offer; and if it does not do so in any material respect the result of the second trial may, and generally will, be the same as of the first. It would be far better for the trial court to adopt any of several methods available to enable it to ascertain whether the proof will conform to the offer, and this without the possible prejudice occasioned by receiving it and later striking it out. A rule that a reversal will not be granted on a naked denial of an offer of proof should not be arbitrarily adopted by this court without the different trial courts and the attorneys of the state being advised in the premises; but the writer is of the opinion that, after due notice, and in harmony with the holdings of the courts of some states, a rule of this nature should be adopted and followed, and a majority of this court agrees with this view.

The judgment is reversed and a new trial granted.