C. F. BRATTON, Appellant, v. W. G. HOERR, Respondent.

(193 N. W. 308.)

**Principal and agent — neither agency nor its powers can be established by declarations of agent.**

1. An agent's powers or the fact of his agency cannot be established by his own declarations.

**Principal and agent — acts and admissions of agent in contract for labor held inadmissible.**

2. While the rule is that where a substantial showing amounting to prima facie proof as to the fact of the agency has been made, an agent's acts and admissions may be admissible under proper instructions, evidence examined and held not to warrant the application of that rule in this particular case.

Opinion filed April 18, 1923.

Agency, 2 C. J. § 692 p. 935 n. 25, 27; p. 938 n. 31, 32; p. 939 n. 43.

Appeal from the District Court of Burleigh County, *Coffey,* J.
Reversed.

*J. N. McCarter* and *W. L. Smith,* for appellant.

*F. E. McCurdy,* for respondent.

NUESSLE, J. This action is brought to recover for work and labor
done by the plaintiff as a farm laborer for the defendant between the
fifth day of October, 1915 and the tenth day of October, 1919. The
defendant denies any employment of the plaintiff, and further denies
that he is indebted to the plaintiff on any account whatsoever.

It appears that the defendant owned certain farm lands near McKen-
zie, Burleigh county, North Dakota. One Coffin was farming these
lands under a lease. In October, 1915, Coffin hired the plaintiff as a
farm laborer. Coffin died in 1917. His widow continued in occupa-
tion of the lands. The defendant lived in Mankato, Minnesota. He
visited the farm occasionally and knew that the plaintiff was working
there. His contention is that the plaintiff was working for the Coffins.
Plaintiff contends he was working for defendant. Various sums were
paid to the plaintiff on account of his services from time to time, such
payments sometimes being made by Coffin in cash or by his personal
check, sometimes by Coffin turning over the check of the defendant,
and sometimes by the defendant directly to the plaintiff. After Coffin's
death his widow sometimes paid the plaintiff.

The plaintiff contends that Coffin was the agent of the defendant
and that he, the plaintiff, was hired by Coffin to work for the defend-
ant, and was to be paid by the defendant for such labor as he might
perform. The questions in the case when the matter was presented
to the jury were whether plaintiff was hired by and for defendant and
whether or not Coffin was the agent of the defendant in hiring the
plaintiff.

At the close of the plaintiff's case and again at the close of the whole
case, the defendant made a motion for a directed verdict. In accord-
ance with the statute, Laws 1921, chap. 133, these motions were denied
The case was submitted to the jury. A verdict was returned for the
plaintiff. Thereafter the defendant moved for judgment notwithstand-
ing the verdict. This motion was granted. From the judgment entered
thereafter in favor of the defendant, this appeal is taken.

The appellant's contention is, first, that on the record as made there was sufficient evidence to warrant the jury in making a finding that the employment of the plaintiff was an employment by and for the defendant, and that such contract of employment was entered into with and through Coffin as the agent of the defendant; second, that even though this is not the case, that there was such error during the course of the trial by reason of rulings on questions of evidence as to prejudice the plaintiff; and that in any event he is entitled to a new trial.

After a careful consideration of the record, we are of the opinion that it is not necessary for us to pass upon the question of the sufficiency of the evidence to warrant the verdict; this, on account of prejudicial error during the course of the trial.

It appears that subsequent to the death of Coffin the defendant came to McKenzie and entered into some arrangement with Mrs. Coffin as to her continuing upon the farm. Thereafter a controversy arose between them, and they arranged and had a conference for the purpose of adjusting their differences. It is the contention of the plaintiff that during such conference the question arose as to who was responsible for the obligations owing to the plaintiff on account of his work and labor done during the time that he worked upon the Hoerr farm; that there was more or less talk about this matter between defendant and Mrs. Coffin and others present at the conference; and that the defendant there made certain statements as to his responsibility for and his undertaking to pay such indebtedness to the plaintiff. On the trial of the case the plaintiff sought, on cross-examination of the defendant, to show such conversations and also produced his own witnesses by whom he sought to make proof as to what was said by the defendant with reference to the matter at the conference. The trial court sustained the objections of the defendant to this line of examination, and on account of this ruling the plaintiff predicates error.

It appears to us that a matter vital to the determination of the controversy was as to what relationship existed between the parties, that is, beween plaintiff, Coffin and Hoerr. Whether plaintiff's wages were in the first instance to be paid by Coffin or Hoerr, and whether plaintiff was the employee of Coffin or Hoerr. That being the case, any acts of, or statements or admissions made by, Hoerr at any time touching these questions were properly admissible, and there was prejudice in

sustaining objections to this line of inquiry. This matter was admissible, not for the purpose of establishing responsibility on the part of Hoerr by reason of any oral promises made by Hoerr to Mrs. Coffin at the time of settling any differences between him and Mrs. Coffin, but for the purpose of throwing such light as it might upon his relationship with and his responsibility to the plaintiff.

As we have indicated above, we do not believe it is necessary to pass upon the question of the sufficiency of the evidence to sustain the verdict. It is impossible for us to say what the plaintiff might have shown had he been permitted to offer evidence as to the defendant's statements with reference to the matter of the employment of the plaintiff and the payment of the plaintiff's wages. On the other hand, an examination of the record discloses error with respect to the admission of testimony prejudicial to the defendant. At the opening of the plaintiff's case, the plaintiff sought and was permitted to show the statements of Coffin to the plaintiff that the defendant was to pay him for his work and labor. These statements were not in the presence and hearing of the defendant, and so far as the record shows, were not communicated to him. This was objected to by the defendant on the ground that plaintiff could not establish Coffin's agency or authority by Coffin's declarations or statements. The plaintiff to justify the offer and admission of this line of testimony urged that it was corroborative of the plaintiff's theory and evidenced his good faith in the matter. However, it seems apparent to us that the real purpose of the inquiry was to establish Coffin's agency. This, of course, could not be done by declarations of the alleged agent. An agent's powers or the fact of his agency cannot be established by his own declarations. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Gordon v. Vermont Loan & T. Co. 6 N. D. 454, 71 N. W. 556. We recognize the rule laid down in Lake Grocery Co. v. Chiostri, 34 N. D. 398, 158 N. W. 998, that where a substantial showing amounting to prima facie proof as to the fact of the agency has been made, the agent's acts and statements may be admissible under proper instructions; but we do not believe that the state of the record in this case is such as to warrant the application of that rule so as to justify the admission of the testimony complained of. The rule should be applied with caution. An agent's acts and statements cannot be made use of against the principal for the purpose of establishing, en-

larging or renewing his authority until the fact of the agency has been shown by other evidence. Mechem, Agency, 2d ed. ¶ 285.

Reversed and remanded for a new trial. Costs to abide the result.

In this case a rehearing was ordered and a reargument had. This opinion is written after such reargument, and is substituted for the former opinion. No other will be printed.

Bronson, Ch. J., Christianson, Johnson, and Birdzell, JJ., concur.