BROOKS, Respondent, v. FIDELITY & DEPOSIT CO. OF MARYLAND, Appellant.

(220 N. W. 521.)

(File No. 5831. Opinion filed July 14, 1928.)

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Appellant.
*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

MISER, C. Respondent is the assured in a burglary insurance policy issued by appellant company. Paragraph M of the policy provides that affirmative proof of loss or damage under oath on forms provided by the company must be furnished to the company at its home office in Baltimore, Md., within 60 days from the discovery of such loss or damage. Merchandise so insured was stolen on January 1, 1922. No proof of loss under oath was ever given, but respondent alleged that the furnishing of same was waived by defendant as follows: Immediately after the discovery of such loss, respondent gave notice to C. T. Charnock & Sons, Inc., agent of appellant company; thereafter one J. L. Sullivan, an auditor and adjuster in the employ of said defendant corporation, made an inventory with respondent of the loss, and Sullivan agreed with respondent that appellant company would send to respondent a check in payment of the loss as soon as said auditor and agent returned to Minneapolis, Minn.

Appellant, in its answer, alleges that the loss, if any, was caused by the fraudulent act and procurement of plaintiff, and that proof of loss was not given as required by paragraph M, and particularly denies that the J. L. Sullivan named in plaintiff's complaint was at any time an auditor of said defendant, or that said Sullivan had any authority to waive any of the conditions set forth

in the policy of insurance, and particularly denied other allegations in plaintiff's complaint contained not necessary to state herein.

The proof shows that Charnock & Sons, Inc., were the authorized representatives of appellant company in issuing the policy; that one Gibbs was an employee of Charnock & Sons, who delivered the policy to respondent and received the premium; that, after the alleged burglary, respondent called up Gibbs, and was told by Gibbs to notify the company, and that he would also notify them, and that a man would come out from one of appellant's main offices. There is no proof that either respondent or Gibbs did notify the company, nor was any effort made to produce such proof. Sullivan did appear in Sioux Falls and make an inventory of the loss. At this stage of the proof, the following interrogation of respondent by his counsel took place:

"Q. Did he, at that time, notify you that he was acting as agent and adjuster for the defendant company? A. He did.

"Q. Did he, at the time that he made this proof of loss, and made those inventories, inform you what would be done relative to paying your claim? A. He did.

"Q. What did he tell you? A. He said it would take a few days or maybe a couple of weeks before I would get my money. It had to go through the regular channels of the home office; and there would be more or less red tape to it."

To each of these questions, appellant objected as incompetent, irrelevant, and immaterial, and in no way binding upon the defendant, which objections were overruled, and exceptions thereto taken. Thereupon respondent identified the letter, Exhibit H, which was received in evidence over appellant's objection. The letterhead portion of Exhibit H is as follows:

"Fidelity and Deposit Company of Maryland. Fidelity and Surety Bonds and Burglary Insurance. 1010 McKnight Building, Minneapolis. Ridgaway, Wood & Co., General Agents. Telephones Automatic Geneva 3248."

The letter portion of such exhibit is as follows:

"Jan. 27, 1922.

"Mr. Ray S. Brooks, 10th and Dakota Streets, Sioux Falls, S. Dak.—Dear Sir: In re burglary policy No. 805061, Ray S. Brooks. I regret to say that I have been instructed by the Fidelity & Deposit Company of Maryland to inform you that it will be

unable to recognize any claim for indemnity under the policy of burglary insurance which it executed in your favor.

"Yours truly, J. L. Sullivan,

"JHS/CR Auditor and Adjuster."

At the opening of the trial, respondent called to the witness stand one of the appellant's counsel, who testified as respondent's witness that he did not know what position Sullivan held, if any, with appellant company. Upon being shown an affidavit made by witness as counsel for appellant in support of a motion for continuance, to obtain the testimony of respondent's bookkeeper, and particularly the words "upon the appearance of J. L. Sullivan, auditor and adjuster for the defendant company," the witness stated that such terminology as used by him was merely descriptive of the man Sullivan. The affidavit was not introduced in evidence. Aside from the foregoing, there is no evidence that Sullivan was the agent of appellant, nor proof that Sullivan was an adjuster, or of the nature of his duties, except his own declaration and the fact of his appearance. Defendant, appellant herein, moved for a directed verdict at the conclusion of plaintiff's case. Defendant's motion was denied; and respondent's motion for a directed verdict was granted. This appeal is from the judgment thereon and from the orders denying motions for judgment notwithstanding the verdict and for a new trial.

 That provisions for proof of loss, being inserted for the benefit of the company, may be waived by the company is settled law. Here plaintiff admits that he did not make proof of loss under oath nor otherwise comply with paragraph M; but he contends that these provisions were waived by the acts of one Sullivan. Where, however, the insured relies upon the act of an agent for waiver, he must show either that the agent had authority to make the waiver, or that the insurer, with knowledge of the facts, ratified the agent's acts. Cooley's Briefs on Insurance (2d Ed.) p. 5957. Insured does not show that Sullivan had any authority to make the waiver, or that the company, with knowledge of the facts, ratified Sullivan's act. On this subject, the learned author of Cooley's Briefs, on page 5963, says:

"Proof of the authority of one assuming to act as an adjuster cannot be made by his own declarations. Where, however, the company has promised to send an adjuster, it is a natural inference

that a person answering the description and purporting to have been sent by the company has authority to adjust the loss and to waive the formal proofs."

However, we find no cases supporting the latter part of the above quotation wherein the proof of agency is as slight as it is in the case at bar. Here the pleadings contained, not only a positive denial of Sullivan's authority to waive, but a positive denial that Sullivan was an auditor of appellant company. No proof was introduced of Sullivan's agency except his letter, Exhibit H, and his declarations to plaintiff. It is true that, among the officers vested with power to waive proofs of loss are adjusters, but "the statement that an adjuster has authority to waive proof of loss does not mean that mere proof that a person is called an 'adjuster' will be sufficient proof of his authority. Some testimony must be given showing the nature of his duties." Cooley's Briefs, 5963.

In J. I. Case Threshing Machine Co. v. Gidley, 28 S. D. 101, 109, 132 N. W. 711, 714, this court said:

"The evidence discloses that two different men came to the place where the machine was being tried after it was started; but it is not shown by any evidence whatever that they came in response to the notice sent by defendant to plaintiff. The evidence does not disclose declarations by these men that they were agents of plaintiff, which evidence is incompetent under the most elementary rules of law, but it wholly fails to show that they came by direction or authority of plaintiff. The evidence is therefore insufficient to show a waiver of notice."

The North Dakota court, in Bratton v. Hoerr, 49 N. D. 719, 722, 193 N. W. 308, 310, says:

"An agent's acts and statements cannot be made use of against the principal for the purpose of establishing, enlarging, or renewing his authority until the fact of the agency has been shown by other evidence. Mechem on Agency (2d Ed.) par. 285."

The general rule is stated in 2 C. J. 935, thus:

"The declarations of an alleged agent made to a third person in the absence of the alleged principal, which were not brought to his knowledge or ratified by him, and not supported by other evidence, are not competent against the alleged principal to prove the fact of his agency, and this rule that denies the competency, as against an alleged principal, of declarations of the alleged agent

made to a third person in the absence of the alleged principal is particularly applicable where the alleged principal denies the agency. * * * It is also well established that such declarations of an agent are not admissible against the principal to show the extent of his authority as such agent. Before the agent's statements can be shown against his principal the agency must be proved by other evidence."

Respondent relies on Enos et al. v. St. Paul Fire & Marine Ins. Co., 4 S. D. 639, 57 N. W. 919, 46 Am. St. Rep. 796; but the evidence in the instant case falls far short of that which was considered sufficient proof of agency in the Enos Case. In that case, there was a letter written by the company. In response thereto, a letter was received from the company signed by A. W. Perry, adjuster. The letter itself was dated at the home office of the insurance company. The letter head on which it was written advertised the fact that Perry was the general adjuster of the company. Perry did call upon the insured. In the instant case, there was no letter written to the company nor letter received from the home office of the insurance company; nor did the letter head on which Exhibit H was written advertise the fact that Sullivan was the general adjuster of the company or that he was an adjuster for the company. In all these particulars, the evidence was less than the evidence held sufficient in the Enos Case. It has been held sufficient in some jurisdictions that one representing himself as an adjuster had in his possession a policy which had been returned to the company, or that he was recognized as an adjuster by the company's local agent; but, so far as the proof in the instant case shows, Sullivan appeared carrying no authority from appellant company and without introduction or recognition by the local agent.

Assuming that a sufficient waiver of the provisions of paragraph M has been shown, providing Sullivan's agency to waive has been established, we are confronted with the fact that there has been no sufficient proof of Sullivan's agency. The burden rested on plaintiff of proving such agency by competent evidence. On the contrary, it was assumed, without any competent proof of agency, that Sullivan was such agent, and that, as such agent, he had authority to waive the provisions of paragraph M specifically requiring sworn proof of loss setting forth the details of the burg-

lary, and that he had authority to waive the protection against fraudulent proofs of loss given by section 4271, R. C. 1919. Upon the issues as framed by the pleadings, it should no more be assumed, as a matter of law, that Sullivan was appellant's agent, with authority to waive the provisions of paragraph M, than should appellant's defense that the alleged burglary was caused by the fraudulent act and procurement of respondent be assumed from respondent's admission of his conviction of a violation of the National Motor Vehicle Theft Act (18 USCA § 408). The utmost to which respondent is entitled is a new trial.

The judgment and order are reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BROWN, J. (dissenting). The proof that Sullivan was an auditor and adjuster of the defendant company may be somewhat meager, but whether he was or not was a matter peculiarly within the knowledge of the defendant, and, nothing to the contrary having been offered, I think such proof was sufficient.

On the morning of the discovery of the alleged burglary, plaintiff called on the phone Mr. Gibbs of the agency through which he had received the policy of insurance, and was told that he would notify the company of the loss right away, and that a man would come out from one of the main offices to adjust it. Thereafter Sullivan arrived, assumed to be adjuster for defendant, examined plaintiff's books, cash register, and slips, made a complete inventory of all the property alleged to have been stolen and of the goods that remained, and told plaintiff that he would receive a check in payment of the loss as soon as Sullivan returned to Minneapolis. Shortly thereafter, from Minneapolis, Sullivan wrote on the company's stationery the letter set out in the majority opinion, in which the company refused to recognize liability, and mailed this letter to plaintiff in an envelope, with the printed return address of the general agency of the company in Minneapolis.

In addition to this, defendant itself introduced in evidence on the trial the whole of plaintiff's complaint without reservation or statement that it was offered for any limited purpose, and it was therefore in the case for all purposes. 2 Jones, Ev. p. 618; 22 C. J. 412, 973; People v. Moss, 187 N. Y. 410, 80 N. E. 383, 11

L. R. A. (N. S.) 528, 10 Ann. Cas. 309. The complaint thus introduced in evidence by defendant states that Sullivan was an auditor and adjuster in the employ of defendant; that in that capacity he came to plaintiff's place of business, made a complete inventory of all merchandise stolen or damaged, together with the original cost and actual value thereof at the time of the loss, and stated to plaintiff that defendant company would send a check in payment of the loss as soon as Sullivan returned to Minneapolis; that, after Sullivan's return to Minneapolis, *defendant company,* acting through its auditor, adjuster, and agent, J. L. Sullivan, wrote plaintiff on January 27, 1922, that it would not recognize any claim under the policy.

I think there was sufficient evidence to show that Sullivan was an adjuster for the company, and was authorized to write the letter Ex. H on behalf of the company, denying liability. The denial of liability waived proof of loss. Orr v. Nat. Fire Ins. Co. (S. D.), 219 N. W. 119.