STATE BANK OF WALES, a Corporation, Respondent, v. NORTH-LAND ELEVATOR COMPANY, a Corporation, Appellant.

(225 N. W. 129.)

Opinion filed July 28, 1928.   On rehearing May 3, 1929.

*Libby & Harris,* for appellant.

*McIntyre, Burtness & Robbins,* for respondent.

BURKE, J. In the fall of 1922, the plaintiff had a chattel mortgage on 126 bushels and 44 pounds of Durum wheat in an elevator at Alsen, North Dakota, and 636 bushels and two pounds of barley. One Nelson raised the grain on different tracts of land, held by him as a tenant under two different leases. One lease for land known in the case as

the Formo lands, and the other lease, for a different tract of land known as the Currier lands.

In 1922, C. S. Laidlaw, was cashier of the plaintiff bank, and gave to Nelson a writing as follows: "Please give John Nelson a statement & sell all grain in his name and E. E. Currier." Nelson took this writing to the defendant elevator at Wales, sold the wheat in that elevator, and then took the writing to the defendant elevator's agent at Alsen; and it is the contention of the appellant, that its agent at Alsen on the strength of the writing, purchased and paid Nelson for the grain. The plaintiff bank sues the elevator for the conversion of said grain, viz., for 126 bushels and 40 pounds of Durum wheat raised on the Formo land of the value of $93.72, and for 636 bushels and two pounds of barley raised upon the Currier land of the value of $260.85.

The jury returned a verdict for the defendant, and the plaintiff thereafter moved the court for judgment notwithstanding the verdict or for a new trial. The motion for judgment notwithstanding the verdict is based upon the ground, that under the undisputed testimony and special findings of the jury the plaintiff is entitled to recover; that no defense to the conversion of the grain has been established as to defendant, and if said motion is denied, the grounds for a new trial are based first on insufficiency of the evidence to justify the verdict. Error of the court in overruling plaintiff's objection to the admission of exhibit "A" (the writing given to Nelson by Laidlaw) and admitting the said exhibit in evidence. Error of court in refusing to grant plaintiff's motion for a directed verdict. Error in refusing plaintiff's third request for instructions. The particulars in which plaintiff claims the evidence is not sufficient is specified as follows, that there is no competent evidence in the case to establish a waiver on the part of the plaintiff on the mortgages described in the complaint, and the evidence and admission in the answer show that the plaintiff had a valid mortgage on the grain described in the complaint, and that the defendant did purchase and appropriate the same to its own use, the value of said grain being admitted. It appears from the record that the plaintiff did have a mortgage on the grain in question, and that the same was purchased by the defendant from the tenant Nelson and the only defense now claimed by the defendant, is, that by the execution and de-

livery of exhibit "A" upon which defendant relied, the plaintiff waived its mortgage.

It is the contention of the plaintiff, first, that Laidlaw, as cashier, had no authority to waive any rights of the plaintiff under the mortgage, and second, that the writing itself does not purport to give Nelson the privilege of selling any grain, except, grain in the name of Nelson and Currier which would include only the grain raised on the Currier farm.

In his brief appellant says: "There is no dispute in this lawsuit, but that the plaintiff had a valid mortgage upon the Durum wheat raised on the Formo land and delivered to defendant's elevator, for more than the value of the grain stored. There is further, under the special finding of the jury with respect to the mortgage covering the grain raised on the Currier land, no question but that the plaintiff had a valid mortgage for $153.00 and interest, on the barley raised on the Currier land. The final decision, therefore, in this lawsuit, rests upon the following propositions: First, did the plaintiff waive its rights in the grain in defendant's elevator, and consent to a sale of the same? Second, did the defendant in purchasing such grain, rely on the plaintiff's waiver, either express or implied? And, third, is the plaintiff estopped under the facts proven in this action, from recovering judgment against the defendant?" The three propositions are really one, and the only question involved is, did the plaintiff waive its mortgage?

It is the contention of the plaintiff that it was error for the court to admit in evidence under objection the defendant's exhibit "A." When exhibit "A" was offered in evidence it was objected to on the ground that it is immaterial, irrelevant, incompetent, and no foundation laid. There was no discussion and no questions asked by the court, and it is the contention of the defendant, that the objection is not specific in pointing out the reasons why such evidence was incompetent, irrelevant and immaterial, or in what manner, or what was necessary for the defendant to prove to lay the foundation.

In the case of Union Cent. L. Ins. Co. v. First Nat. Bank, 56 N. D. 103, 216 N. W. 201, this court said, in effect that a cashier of a bank had no authority to waive the rights of the bank to its securities, unless, authority was given to the cashier by the directors of the bank, or by long continued practice, which the board is presumed to know as in the

case of Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 150 N. W. 736, and the other cases cited.

In the case at bar, there was no attempt made to show that the cashier had any authority in any way to waive the mortgage on the grain in controversy.

The defendant's case rests entirely upon the document, "exhibit A." It is upon a debit slip, and signed by no one, there is nothing on it to show who made it, or for whom it was made. The oral testimony shows that it was made by Laidlaw, but it does not show, that it was for the bank, or for Mr. Laidlaw personally. At most it is nothing more than a declaration of the agent, and agency cannot be proved that way.

"Before declarations or admissions of a servant or agent are admissible against his master or principal, it must first appear that the act or statement in question was expressly or impliedly authorized. The first essential in this regard is proof of the fact of agency. And the act or statement may not be used to establish such fact. Agency must be proved aliunde. This rule is of long standing and universal recognition." 2 Jones Ev. § 945, p. 1745; Bratton v. Hoerr, 49 N. D. 719, 193 N. W. 308.

We are of the opinion that plaintiff's assignment of error for a motion for a new trial, viz., that there is no competent evidence in the case to establish a waiver of the mortgage on the part of the plaintiff is well taken.

There is no competent testimony as a basis for judgment. It follows, that the question as to whether the objection to the admission of "exhibit A" was sufficiently specific or not, is not important, for the reason, that admission of "exhibit A" does not prove agency, nor establish a defense.

The trial court had before it the alternative motions, and since a motion for judgment notwithstanding the verdict, was granted, doubtless a motion for a new trial would have prevailed, had such motion been urged as the paramount motion. We are of the opinion, that judgment should not have been granted notwithstanding the verdict, and that a new trial should be had, for the reason, that if the court had sustained the objection to the admission of "exhibit A" the defendant might have been able to lay the foundation for the introduction of said exhibit.

This case is very much like the case of Bratton v. Hoerr, 49 N. D. 719, 193 N. W. 308, in that case, the plaintiff sued for wages, claiming that he was employed by the agent of the defendant. There was a verdict for the plaintiff, and the defendant moved for judgment notwithstanding the verdict, which was granted. The court held that while an agency or the powers of an agency could not be shown by the declaration of an agent, the court did err in sustaining objections to questions asked of the defendant himself, which might have established agency, in case he had been permitted to answer the question, and while no new trial had been asked in the motion this court granted a new trial.

There is a motion for a new trial in this case, and we are of the opinion, that it should have been granted, instead of the motion for judgment notwithstanding the verdict.

Reversed, and remanded for a new trial. Costs to abide the result.

NUESSLE, BURR, BIRDZELL and CHRISTIANSON, JJ., concur.

BURKE, Ch. J. On rehearing, respondent insists that the writing or order given by Laidlaw, cashier of the plaintiff bank, to John Nelson, viz.: "Please give John Nelson a statement & sell all grain in his name & E. E. Currier," is at most an order to sell only the grain stored in the names of the said John Nelson and the said E. E. Currier, that is, in their joint names, and it was not authority to sell any other grain.

We are of the opinion that the petitioner is right in his construction of the contract, and the question of the construction of the order should not have been submitted to the jury, but such order should have been construed by the court to be an order to sell the grain stored in the names of John Nelson and E. E. Currier jointly, and if there was any other grain sold to the defendant, upon which the plaintiff had a mortgage, the plaintiff would be entitled to recover the value of such grain.

It is also the contention of the petitioner that this court failed to construe the legal effect of defendant's exhibit "A," the writing or order given by said Laidlaw to Nelson, as to whether or not it constitutes a waiver of plaintiff's mortgage. After the re-argument and further consideration of the document, we are of the opinion that a

reasonable construction of the document is, that it is an order to give to John Nelson, the party who raised the grain, a statement of the amount of grain stored in the names of John Nelson and E. E. Currier, and to sell such grain. Laidlaw rented the land upon which the grain was grown to Nelson, and he made the deals with Nelson for the notes and mortgages under which plaintiff claims the right to recover in this action. Nelson knowing that the plaintiff bank had a mortgage on the grain naturally went to Laidlaw, who knew all about the deals, for an order to sell the grain and Laidlaw admits that he gave him the order. If Mr. Laidlaw had authority to give such an order to Nelson, there is no question but what the elevator company would be entirely justified in selling the grain and delivering the proceeds to Nelson. It is not a question of whether there was a waiver of any securities but a question of whether Laidlaw had authority to give such an order. If it was error to overrule plaintiff's objection to the admission of defendant's exhibit "A" it was not such an error as would entitle plaintiff to judgment notwithstanding the verdict but would be ground for granting a new trial.

The motion for a new trial should have been granted and with modification of our former opinion, as above indicated, the case is reversed and remanded for a new trial, costs to abide the result.

NUESSLE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.