PARKER MOTOR COMPANY, a Corporation, Respondent, v. NORTHERN PACKING COMPANY, a Corporation, and E. J. Evenson. NORTHERN PACKING COMPANY, a Corporation, Appellant.

(227 N. W. 226.)

Opinion filed October 22, 1929.

*Nestos, Herigstad & Stenerson* and *McIntyre, Burtness & Robbins,* for appellant.

*McGee & Goss* and *I. H. Breaw,* for respondent.

688

CHRISTIANSON, J. This action grew out of a collision between two automobiles,—one belonging to the plaintiff and the other to the defendant Evenson. Plaintiff claims that the collision occurred by reason of the negligence of Evenson and brought this action to recover damages alleged to have resulted therefrom. The plaintiff claims, and in its complaint alleges, that at the time of the collision Evenson was an employee of the defendant Northern Packing Company and was then "engaged in the performance of its business and his duties to it as his employer." There was a verdict in favor of the plaintiff against both Evenson and the Northern Packing Company. The Northern Packing Company moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and it has appealed from the judgment and from the order denying its motion.

The damages sought to be recovered in this action were caused by a collision between a Chevrolet coupé driven by the defendant Evenson and a Dodge sedan driven by an employee of the plaintiff company. The collision occurred on one of the streets of Minot about 9:00 or 9:30 P. M. on January 23, 1928. Both cars were damaged.

A transcript of all the evidence taken upon the trial is contained in the record; but the only question raised as to the sufficiency thereof is whether there is any competent evidence whatsoever tending to establish that at the time of the collision, Evenson was engaged in the performance of any duty incident to his employment with the Northern Packing Company. A careful examination and consideration of

all the evidence leads us to the conclusion that this question must be answered in the negative.

One Waller, the driver of plaintiff's car, testified that immediately after the collision he asked Evenson if he (Evenson) had any insurance; that he (Evenson) answered this question in the affirmative and further stated that the insurance was not written in Minot but in Grand Forks. Waller was further asked whether at this time he inquired of Evenson who Evenson was working for, or if Evenson told him who he was working for, and Waller answered that he would not swear that any such conversation was had. The witness, Waller, however, was permitted to testify, over objection on the part of counsel for the Northern Packing Company, that a day or two after the collision he (Waller) went to Evenson's house and that Evenson then stated that he was employed by the Northern Packing Company; and that during the same conversation Evenson stated that at the time of the collision he (Evenson) was taking to his home a certain man, who was then riding with him, and that he (Evenson) was "coming from off his territory, just getting in from his territory—the territory he covered for the Northern Packing Company."

Evenson testified that after supper on the evening of the day of the accident he drove down to the Oak Park Meat Market to purchase some meat for use in his home the next day; that at the Oak Park Meat Market he met a man named Christenson who had a house that he wanted to dispose of and that at the time the collision occurred Evenson was taking Christenson down to his (Evenson's) house to show it to him with the idea of making an exchange of properties.

Aside from the alleged admissions on the part of Evenson the only evidence as to Evenson's employment with the Northern Packing Company is Evenson's testimony. In response to questions propounded to him by the court Evenson testified as follows:

Q. Where did you keep this car when you were in town?
A. At my home.
Q. Where was that?
A. 1012 Valley Street.
Q. By the way, this was your own car?
A. Yes.

Q. Where did you come from that day, that afternoon?

A. Sherwood.

Q. You came from Sherwood and drove to your home?

A. Yes, sir.

Q. And you came home at about what time?

A. I imagine about six o'clock, six-thirty o'clock and stayed home for some time.

Q. Stayed home for some time?

A. Yes, sir.

Q. And then after that is when you started out for this meat?

A. Yes.

Q. What were you going to do with the meat?

A. We were going to have it to eat at home the next morning.

Q. You had come off the territory that day had you not?

A. Yes.

Q. And when you came off the territory you went directly home?

A. Yes, sir.

And in response to questions propounded to him by counsel for the plaintiff on cross-examination Evenson testified as follows:

Q. By the way, what time of the night was it that this collision occurred?

A. Oh, I would say about nine o'clock.

Q. You had been up at Sherwood for the Northern Packing Company that Monday?

A. Yes.

Q. Handling, selling the day's meat, doing the day's business?

A. Yes.

Q. The Oak Park Meat Market traded with you and the Northern Packing Company?

A. They did, yes, sir.

Q. They did at that time, didn't they?

A. Yes, sir.

Q. And that was the reason you went up there to get your meat you say?

A. I buy my meat there.

Q. When you bought that meat, did they charge it on the Northern Packing Company account?

A. They charged it to me.

Q. Did you do any collecting for them?

A. Not that night.

Q. You went there to collect money from them for the Northern Packing Company that night, didn't you?

(No Response)

Mr. Herigstad: Objected to as improper cross examination.

As we view the testimony it merely shows an employment, that is, that Evenson was an employee of the Northern Packing Company. But in order to establish liability on the part of the Northern Packing Company for the acts of Evenson as its employee, plaintiff must show not only that there was an employment and that the alleged wrongful acts were committed during such employment but it must further be shown that the acts were committed within the scope and course of the employment. 2 C. J. p. 853. In short, in order to establish liability on the part of the Northern Packing Company for the negligent acts of Evenson, the plaintiff had the burden of proving by a fair preponderance of the evidence that Evenson was the employee of the Northern Packing Company and that at the time the alleged injuries were sustained Evenson was engaged in carrying out, or endeavoring to promote, his principal's business, within the scope of the actual or apparent authority conferred upon him for that purpose. Kohlman v. Hyland, 54 N. D. 710, 50 A.L.R. 1437, 210 N. W. 643; Clark v. Feldman, 57 N. D. 741, 224 N. W. 167; 2 C. J. p. 853.

Evenson and the Northern Packing Company appeared by different attorneys and interposed separate answers and upon the trial they were represented by separate counsel. The alleged admissions or declarations on the part of Evenson can in no event be considered part of the res gestæ, for according to the undisputed evidence they were made not less than one or two days after the collision and at a place remote therefrom. Any admissions made by Evenson against his interest were, of course, admissible against him, but they were not admissible against the Northern Packing Company unless it were shown that at the time the declarations were made he was acting for the

Packing Company and within the actual or ostensible scope of his employment; and the declarations were not admissible for the purpose of establishing either the fact of agency or the scope thereof. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Bratton v. Hoerr, 49 N. D. 719, 193 N. W. 308; Embden State Bank v. Schulze, 49 N. D. 777, 792, 193 N. W. 481; 1 R. C. L. p. 511; 1 Enc. Ev. p. 546; Mechem, Agency, 2d ed. § 285.

But leaving wholly on one side all questions as to the admissibility of Evenson's declarations, we are agreed that the evidence as a whole, including any inferences that reasonably may be drawn from such declarations, is wholly insufficient to establish any liability on the part of the Northern Packing Company. The undisputed evidence shows that the car belonged to Evenson and not to the Packing Company and that he kept the car at his own home. There is no evidence showing that under the terms of his employment Evenson was to furnish and use this car in carrying out his work or that the car was so used. Nor is there any evidence showing that at the time of the collision Evenson was engaged in the performance of any duty incidental to his employment. The evidence shows rather that he was engaged purely on a mission of his own; that he had fully completed his daily work for the company earlier in the day and at the time the collision occurred was attending to some purely personal matters. As we view the evidence the Northern Packing Company was clearly entitled to a directed verdict at the time the motion was made; and, while under the law, the trial court was precluded from granting the motion at that time it nevertheless had the power and it was the duty of the trial court to sustain the Northern Packing Company's motion for judgment notwithstanding the verdict. § 7643, Supplement.

It follows therefore that the judgment and order appealed from must be and they are reversed with directions that the district court enter judgment in favor of the Northern Packing Company for a dismissal of the action.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.